Mr. Jester, can you hear us? Your phone is now in the meeting as well. Yes, very sorry for the problem. Everything was working fine during the practice session on Friday. Well, we understand. So I'll just repeat, we will proceed with argument in United States v. Bonk, number 191948. There's 10 minutes aside, so I just need to know how much time for rebuttal the appellant would like to reserve, and I will notify you when you're reaching that point. Five minutes, Chief Judge. All right, very good then. So you may proceed. Well, good morning, Your Honors. May it please the Court, thank you very much for assigning me this appeal. It's always a tremendous honor for me to appear before the Court. I expect the Court to interrupt me as I speak, because I know that you have thoroughly studied all of the briefs. As you know, my client, my appointed client, pled guilty to meth distribution on a blind plea in the Central District and was sentenced to 22 years incarceration. I raised just two issues. The first issue was whether the District Court, the Chief Judge, Chief Judge Shahid, was in error in denying me the appellant's counsel, all of the sealed sentencing documents, to which my predecessor trial defense counsel did not have access, as well as the sentencing documents that I requested of Chief Judge Shahid concerning my client's two co-defendants, one of whom then later, after I was appointed in August, received a substantial sentence reduction from the trial court, but that was under seal. And all of that, Indisha was similarly refused to me, even though I'm appellant's counsel. Mr. Jesser, let me try to ask you this. There are two things about this. One, the law draws a distinction between records relating to your client to which trial counsel would have had access, trial counsel doesn't even have access to all of those, such as the sentencing recommendation, and documents related to co-defendants and other third parties. So that's my first question. Second is, the government has pointed out that Judge Barrett of this court also denied your request, and so that puts us in an interesting procedural posture, since you don't seem to have asked us to take another look at Judge Barrett's order. For the reason that at the time Judge Barrett entered that order, and when I was developing this appeal, I did not feel it courteous to sign as error what the Seventh Circuit had done. I felt that my responsibility was to determine whether error had been committed in the district court. And I'm understanding the procedural issue that the government raised, but I felt that it was the district court's error, if any, that I was to address, and not this court's error. And I'm not claiming error by this court. Now that may seem incongruous with what I asked Judge Shaheed to do, but basically Judge Barrett sent it back to Judge Shaheed, and at that point when he again granted me certain documents but denied me other documents, I decided just to proceed to prosecute the appeal. I hope that clarifies. For the record, you know, we have publicly available internal operating procedures. We assign certain motions to single judges, certain motions to motions panels, and then we have merits panels, such as today's merits panel. And no one's feelings are going to be hurt if you want to say, you know, gee, we think either the individual motions judge or the motions panel didn't have the full picture. Please, merits panel, take another look at this issue. It's an issue that arises in the district court, no doubt. But you can go back for now to my first question, which is, why should you have rights to see these materials pertaining to co-defendants when the government points out that you can make your disparity arguments, you can make other arguments based on publicly available information, such as transcripts and the like? I felt that just as in attempting at the trial level to ascertain and procure all the discovery that one can procure from an opposing party, and I don't mean to repeat myself, I needed as appellate counsel to see all documents, many of which were under seal, and to see the evidence. In this conspiracy case, wherein, as I mentioned a moment ago, as the court is aware, a co-defendant who was originally sentenced had his sentence reduced substantially, but the reasons for that were denied to me. So I wasn't able to fully analyze, in my opinion, whether or not there had been a disparity or excessiveness. I'm just without precedent that I could cite, and I was very clear I could cite no precedent, and maybe this is a case of first impression, if I, as appointed counsel or any other appellate counsel, was to do his job or her job under Strickland v. Washington, I feel that even on an eyes-only basis, I should be entitled to see all documents in the record. And if I had been able to do so, many of them may have been of little or no value, but as the court appreciates my argument, whether it agrees with it or not, if my job, so to speak, is to determine if the district court committed error, why is the district court denying me all the documents in the record? That's the issue I tried to raise. If you want to save the time, I mean, maybe you're welcome to use it now, but you're up against the rebuttal time. The other, if I could just have 30 seconds, the other issue was that of raising an abuse of discretion in the chief judge granting one downward departure, but not a requested further downward departure, which would have put, and the government will disagree with this, this rather, and I don't mean to deprecate the seriousness of the crime, but this rather, petty conspiracy for which he was sentenced over two decades, where he could have been sentenced to the requested 15 and a half to 19 and a half years. We feel that the sentence was excessive. All right. Thank you. Mr. Simpson. Thank you, Your Honor, and good morning. May it please the court, I'm Scott Simpson on behalf of the United States. I'll try to be brief. For three independent reasons, the question of access to official court documents is not properly before this court at all, first of all. First, Mr. Bonk filed his notice of appeal before the district court denied his request for the documents, so the notice of appeal does not cover the district court's denial of that request. Second, as Judge Wood has pointed out, Bonk has not asked this panel to review Judge Barrett's denial of the motion that he made to this court. So even if the district court's order were properly on appeal, reversing it would have no effect. And third, Bonk waived his challenge to the district court's denial on appeal by failing to cite the existing authority regarding access to the documents that he sought. Contrary to what defense counsel has said, this is definitely not a case of first impression. There is case law regarding access or lack of access to these kinds of documents. Assuming the court even reaches the question of access to official court documents, the defense cannot show that the district court's denial was an abuse of discretion, which is the standard that applies here. Bonk seeks access to documents that are always sealed and confidential. And there are very good reasons for that confidentiality. PSRs, for example, include things like information about a defendant's family, background, childhood experiences, including any abuse. The PSR also includes information about the defendant's mental and emotional health. Of course, he'll see his own client's PSR, which any trial lawyer and appellate lawyer would need to prepare objections to it, to understand the sentence. It's just the co-defendants we're talking about. Correct. Absolutely. And obviously, we don't challenge the right, the ability of an attorney to see his or her own client's PSR. Mr. Simpson, on that, I have one just kind of a question maybe to inform me a little bit. You've been doing this a long time. If a district court records a statement of reasons in a criminal J&C, is that statement of reasons as part of the J&C being publicly available? Is that statement of reasons included in the document that one could get publicly? I don't think I've seen, Your Honor, a case where the statement of reasons form is included with the judgment. That might be done, but I don't think I've seen it myself. I suppose if the district court chose to attach the statement of reasons form to the judgment, then it would be publicly available. But as this court has said in an earlier case, the purpose of that form is simply for the administrative office of U.S. courts for record-keeping purposes. And the other document that we're talking about here, which I don't think we've referred to yet, is the probation officer's sentencing recommendation. That's a chance for the probation officer to communicate directly and confidentially with the sentencing judge. And Bonk hasn't shown a need for these official court documents, other than counsel has said in his briefs to desire to rule out any potential basis for challenge. I assume the AUSA does not have access to that either. Would that be correct? Correct, Your Honor, we don't. In fact, just anecdotally, I don't mean to testify here, but in a case that I was handling, I asked for a copy of the sentencing recommendation. And I was told by the probation office through my staff that it was only for the judge's eyes. And so we submit that what the defense counsel is citing here as a reason to get those documents is far from a compelling and particularized showing of need, which is the standard. And as the district court said, if what the defendant is relying on here could compel access, then these documents would always be subject to disclosure. In fact, Bonk has not even secured all the documents that he does have access to, specifically his co-defendant's sentencing transcripts, which he could get. I could just turn briefly now at the end to the last issue, which is Bonk's challenge to his sentence. This, of course, is legitimately before the court, but it's without merit, both procedurally and substantively. Bonk has actually waived any procedural challenge by not raising it. But in any event, the record shows that the court did calculate the guidelines range, considered the 3553A factors, selected a sentence based on facts supported in the record, and adequately explained the sentence. And substantively, Bonk conceded at sentencing that the guidelines range was 292 to 365 months and that the court fully addressed his arguments in mitigation. The court sentenced him then to 262 months, that is 30 months below the bottom of his guidelines range, actually also running concurrently to his sentences in four state cases. That is presumptively reasonable, and the defendant has fallen far short of overcoming that presumption and establishing that the sentence was an abuse of discretion, which is the standard here. So for all these reasons, Your Honors, we urge the court to affirm on all of these issues. Thank you. All right, thank you. Mr. Jesser, you've got still four minutes, so we'll turn it back to you. And Chief Judge, I really don't like to repeat myself and take up the court's time. I've made all the arguments that I can make, and I think I've addressed what Mr. Simpson has responded to. If the court has any questions of me, of course, I'm here to address them. But even though I may have three minutes left, I have nothing more I can add at the moment. I see no other questions. We appreciate your service to your client, and we certainly appreciate the efforts of the government as well. So the court will take this case under advisement. And with this, we will be in recess from today's call. Thank you. Thank you very much.